**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 00-7455**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT MOSES WILKERSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CR-96-167-H)

———————

Submitted: November 30, 2000      Decided: December 7, 2000

———————

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Robert Moses Wilkerson, Appellant Pro Se. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. Local Rule 36(c).

PER CURIAM:

Robert Moses Wilkerson seeks to appeal the district court's order denying his motion for a new trial under Fed. R. Crim. P. 33. We dismiss the appeal for lack of jurisdiction because Wilkerson's notice of appeal was not timely filed.

The time periods for filing a notice of appeal are governed by Fed. R. App. P. 4 and are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). A defendant in a criminal case has ten days from the entry of a judgment to file a notice of appeal. Fed. R. App. P. 4(b)(1). This period may be tolled under the provisions of Fed. R. App. P. 4(b)(3), or extended within the thirty days following the expiration of the ten-day appeal period. Fed. R. App. P. 4(b)(4).

The district court's order was entered on the docket on June 9, 2000.[*] Wilkerson's notice of appeal was filed on October 2, 2000. Although Wilkerson asserts that he did not receive a copy of the district court's order until September 15, 2000, "[l]ack of notice of the entry by the clerk does not affect the time to appeal

---

[*] Although the district court's order is marked as "filed" on June 7, 2000, the district court's records show that it was entered on the docket sheet on June 9, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2

or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by Rule 4(b)." Fed. R. Crim. P. 49(c). Because Wilkerson failed to file a timely notice of appeal or to obtain an extension, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3